FREDERICK HIPSH *vs.* H. A. HOLLANDER.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 12th—decided July 19th, 1932.

*Richardson Bronson,* for the appellant (defendant).

*Michael V. Blansfield* and *Sidney S. Cassel,* with whom, on the brief, was *Herman B. Engelman,* for the appellee (plaintiff), at the direction of the court did not argue the cause.

PER CURIAM. Such corrections of the finding as could be granted as to the offers of proof pertaining to the speed of the defendant's truck before it struck the

plaintiff, the distance it ran thereafter, and the length of time the plaintiff stood in the street before being struck, would not essentially affect the assignments relating to the charge. The subject-matter of the request to charge was sufficiently embodied in the instructions given. Consideration of the context demonstrates that the single excerpt from the charge which is complained of could not have been understood by the jury as imposing upon the defendant, instead of the plaintiff, the burden of proof of negligence of the defendant, freedom from contributory negligence, and proximate cause.

The principal controversy of fact was whether, as he claimed, the plaintiff proceeded across the street in plain sight of approaching traffic and stood in the center several seconds before being hit or, as the defendant contended, he ran suddenly from behind parked cars into the path of the defendant's automobile. Evidence amply warranted the jury in adopting the plaintiff's version, as they obviously did, and all the other issues essential to a recovery clearly were resolvable in his favor. The verdict, accordingly, must stand.

The amount of damages allowed ($6000), while possibly generous, is not so disproportionate to fair compensation for the proper elements of damage—the plaintiff's injuries, which included a compound fracture of the thigh, necessitating an open operation and three months in the hospital, suffering incident thereto, permanent shortening of the leg and impairment of flexion, and special damages for surgical, medical, and hospital expenses of about $1200—that we can hold the trial court in error in sustaining the award.

There is no error.